UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------------------

STATE OF NEW YORK
SUPREME COURT   COUNTY OF SUFFOLK

-----------------------------------------------------------------------------

Oriska Corporation, individually and derivatively to
Carrier-Defendant Oriska Insurance Company,
     Plaintiff,       Notice of Removal
               Index No. EFCA 621892/2019
   v.            Oneida Index EFCA2020-001276

NORTH SEA ASSOCIATES, LLC, - The Hamptons Center
      Employer-Defendant,

Bent Philipson, Benjamin Landa, Benjamin Fishoff
Ruth Hirsch, Pinchus Hoffman, Ronald Stern, Aaron Brecher
Alan Chopp, Eric Kalt, Jacob Pollack, Mayer Fiscl
Robert Kolman, Israel Pollack, Jeffrey Goldstein
Michael Pruzansky
      Owner-Defendants,

Oriska Insurance Company,
      Carrier-Defendant,

The Philipson Family Trust, The Schlesinger Family Trust,
Berkshire Group, Inc., Spencer Street Realty, Allstate ASO,
Inc., Allstate Administrators, Inc. Sam Schlesinger, Michael
Camilleri, Pitterman Family Trust, Wolf Eisenbach, National
Financial Service, Israel Zeigelman, Financial Service, Michael
Schweimmer, Grandview Brokerage, Inc. Isaac Muller. Broad
Coverage Services, Inc., SentosaCare, LLC, Martin
Schwartzman, Stella M. Vilardi, Raphael A. Weitzner,
Benjamin Landa, Ira Lipsius, Lipsius-Benhaim Law, LLP,
Whiteman Osterman & Hanna, LLP, Cullen and Dykman, LLP,
John Doe and other persons not yet identified,
      Prohibited Transaction Defendants,

Andrew Cuomo as the Governor of the State of New York,
Linda A. Lacewell as Superintendent of Insurance of the State
of New York Department of Financial Services, Martha Lees as
General Counsel of the Department of Financial Services,
Roberta Reardon as the Commissioner  of the State of New
York Department of Labor, Carolyn Robinson, Supervisor with
the New York State Department of Labor, Dr. Merryl H. Tisch,
Chairman of the State University of New York Board of
Trustees, the State University of New York, Scott Dietrich and

i

Peter Fountas of the Research Foundation of the State University of New York, Howard A. Zucker, M.D., as the Commissioner of the State of New York Department of Health,
                    State Officer Defendants,

Donna Hodge, Annette Hall, Karen Grant Williams Alexi Arias as the Class Representatives of a Class of Employees of Employer Defendants as the interests of the Class may appear,
                    Class Defendant,

Oriska Insurance Company as its interest may appear,
                    Carrier Defendant,

Rashbi Management, Inc., as its interest may appear,
                    Trust Defendant.
-------------------------------------------------------------------------
STATE OF NEW YORK
SUPREME COURT    COUNTY OF SUFFOLK
-------------------------------------------------------------------------
Oriska Corporation, individually and derivatively to Carrier-Defendant Oriska Insurance Company,
                    Plaintiff,                          Notice of Removal
                                                        Index No. EFCA2019- 621891
            v.                                          Oneida Index EFCA2020-001276

AVALON GARDENS REHABILITATION & HEALTH CARE CENTER, LLC,
                    Employer-Defendant,

Bent Phillipson, Benjamin Landa and Alan Chopp
                    Owner-Defendants,

The Philipson Family Trust, The Schlesinger Family Trust, Berkshire Group, Inc., Spencer Street Realty, Allstate ASO, Inc., Allstate Administrators, Inc. Sam Schlesinger, Michael Camilleri, Pitterman Family Trust, Wolf Eisenbach, National Financial Service, Israel Zeigelman, Financial Service, Michael Schweimmer, Grandview Brokerage, Inc. Isaac Muller. Broad Coverage Services, Inc., SentosaCare, LLC, Martin Schwartzman, Stella M. Vilardi, Raphael A. Weitzner, Benjamin Landa, Ira Lipsius, Lipsius-Benhaim Law, LLP, Whiteman Osterman & Hanna, LLP, Cullen and Dykman, LLP, John Doe and other persons not yet identified,
                    Prohibited Transaction Defendants,

Andrew Cuomo as the Governor of the State of New York, Linda A. Lacewell as Superintendent of Insurance of the State

ii

of New York Department of Financial Services, Martha Lees as
General Counsel of the Department of Financial Services,
Roberta Reardon as the Commissioner  of the State of New
York Department of Labor, Carolyn Robinson, Supervisor with
the New York State Department of Labor, Dr. Merryl H. Tisch,
Chairman of the State University of New York Board of
Trustees, the State University of New York, Scott Dietrich and
Peter Fountas of the Research Foundation of the State
University of New York, Howard A. Zucker, M.D., as the
Commissioner of the State of New York Department of Health,
                              State Officer Defendants,


Donna Hodge, Annette Hall, Karen Grant Williams Alexi Arias
as the Class Representatives of a Class of Employees of
Employer Defendants as the interests of the Class may appear,
                              Class Defendant,


Oriska Insurance Company as its interest may appear,
                              Carrier Defendant,


Rashbi Management, Inc., as its interest may appear,
                              Trust Defendant.
--------------------------------------------------------------------------
STATE OF NEW YORK
SUPREME COURT   COUNTY OF KINGS
--------------------------------------------------------------------------
Oriska Corporation, individually and derivatively to
Carrier-Defendant Oriska Insurance Company,
                              Plaintiff,              Notice of Removal
                                                     Index No. EFCA2019-524009
              v.                                     Oneida Index EFCA2020-001276


SHOREFRONT OPERATING, LLC (SEAGATE)
                              Employer-Defendant,


Eli Feldman, Steven Topal, Ron Milch
Shmuel Lefkowitz, Jacob Friedman, Fred Abrams
                              Owner-Defendants,


The Philipson Family Trust, The Schlesinger Family Trust,
Berkshire Group, Inc., Spencer Street Realty, Allstate ASO,
Inc., Allstate Administrators, Inc. Sam Schlesinger, Michael
Camilleri, Pitterman Family Trust, Wolf Eisenbach, National
Financial Service, Israel Zeigelman, Financial Service, Michael
Schweimmer, Grandview Brokerage, Inc. Isaac Muller. Broad
Coverage Services, Inc., SentosaCare, LLC, Martin

Schwartzman, Stella M. Vilardi, Raphael A. Weitzner,
Benjamin Landa, Ira Lipsius, Lipsius-Benhaim Law, LLP,
Whiteman Osterman & Hanna, LLP, Cullen and Dykman, LLP,
John Doe and other persons not yet identified,
                    Prohibited Transaction Defendants,

Andrew Cuomo as the Governor of the State of New York,
Linda A. Lacewell as Superintendent of Insurance of the State
of New York Department of Financial Services, Martha Lees as
General Counsel of the Department of Financial Services,
Roberta Reardon as the Commissioner of the State of New
York Department of Labor, Carolyn Robinson, Supervisor with
the New York State Department of Labor, Dr. Merryl H. Tisch,
Chairman of the State University of New York Board of
Trustees, the State University of New York, Scott Dietrich and
Peter Fountas of the Research Foundation of the State
University of New York, Howard A. Zucker, M.D., as the
Commissioner of the State of New York Department of Health,
                    State Officer Defendants,

Donna Hodge, Annette Hall, Karen Grant Williams Alexi Arias
as the Class Representatives of a Class of Employees of
Employer Defendants as the interests of the Class may appear,
                    Class Defendant,

Oriska Insurance Company as its interest may appear,
                    Carrier Defendant,

Rashbi Management, Inc., as its interest may appear,
                    Trust Defendant.
--------------------------------------------------------------------------------

STATE OF NEW YORK
SUPREME COURT   COUNTY OF NASSAU
-------------------------------------------------------------------------
Oriska Corporation, individually and derivatively to
Carrier-Defendant Oriska Insurance Company,
                    Plaintiff,                        Notice of Removal
                                                      Index No. EFCA2019-615382
          v.                                          Oneida Index EFCA2020-001276

NASSAU OPERATING CO. LLC, - Nassau Rehab & Nursing
                    Employer-Defendant,

Bent Philipson, Mayer Fischl, Esther Farkovits
Chana Lerner, Aaron Becher, George Klein
Robyn Weiss, Shelly Nakdimen, David Bloom

Larry Klein, Michael Schwartz, Alvin Benjamin
Owner-Defendants,

The Philipson Family Trust, The Schlesinger Family Trust, Berkshire Group, Inc., Spencer Street Realty, Allstate ASO, Inc., Allstate Administrators, Inc. Sam Schlesinger, Michael Camilleri, Pitterman Family Trust, Wolf Eisenbach, National Financial Service, Israel Zeigelman, Financial Service, Michael Schweimmer, Grandview Brokerage, Inc. Isaac Muller. Broad Coverage Services, Inc., SentosaCare, LLC, Martin Schwartzman, Stella M. Vilardi, Raphael A. Weitzner, Benjamin Landa, Ira Lipsius, Lipsius-Benhaim Law, LLP, Whiteman Osterman & Hanna, LLP, Cullen and Dykman, LLP, John Doe and other persons not yet identified,
Prohibited Transaction Defendants,

Andrew Cuomo as the Governor of the State of New York, Linda A. Lacewell as Superintendent of Insurance of the State of New York Department of Financial Services, Martha Lees as General Counsel of the Department of Financial Services, Roberta Reardon as the Commissioner of the State of New York Department of Labor, Carolyn Robinson, Supervisor with the New York State Department of Labor, Dr. Merryl H. Tisch, Chairman of the State University of New York Board of Trustees, the State University of New York, Scott Dietrich and Peter Fountas of the Research Foundation of the State University of New York, Howard A. Zucker, M.D., as the Commissioner of the State of New York Department of Health,
State Officer Defendants,

Donna Hodge, Annette Hall, Karen Grant Williams Alexi Arias as the Class Representatives of a Class of Employees of Employer Defendants as the interests of the Class may appear,
Class Defendant,

Oriska Insurance Company as its interest may appear,
Carrier Defendant,

Rashbi Management, Inc., as its interest may appear,
Trust Defendant.

---------------------------------------------------------------------------------

STATE OF NEW YORK
SUPREME COURT   COUNTY OF NASSAU

---------------------------------------------------------------------------

Oriska Corporation, individually and derivatively to
Carrier-Defendant Oriska Insurance Company,

|  |  |
|---|---|
| Plaintiff, | Notice of Removal |
|  | Index No. EFCA2019-61548 |
| v. | Oneida Index EFCA2020-001276 |

PARK AVENUE OPERATING CO. LLC,
                    Employer-Defendant,

Bent Phillipson, Mayer Fischl, Esther Farkovits,
Ruth Hirsch, Chana Lerner, George Adler,
Aaron Becher, George Klein, Robyn Weiss,
Shelly Nakdimen David Bloom Larry Klein
Michael Schwartz
                    Owner-Defendants

The Philipson Family Trust, The Schlesinger Family Trust,
Berkshire Group, Inc., Spencer Street Realty, Allstate ASO,
Inc., Allstate Administrators, Inc. Sam Schlesinger, Michael
Camilleri, Pitterman Family Trust, Wolf Eisenbach, National
Financial Service, Israel Zeigelman, Financial Service, Michael
Schweimmer, Grandview Brokerage, Inc. Isaac Muller. Broad
Coverage Services, Inc., SentosaCare, LLC, Martin
Schwartzman, Stella M. Vilardi, Raphael A. Weitzner,
Benjamin Landa, Ira Lipsius, Lipsius-Benhaim Law, LLP,
Whiteman Osterman & Hanna, LLP, Cullen and Dykman, LLP,
John Doe and other persons not yet identified,
                    Prohibited Transaction Defendants,

Andrew Cuomo as the Governor of the State of New York,
Linda A. Lacewell as Superintendent of Insurance of the State
of New York Department of Financial Services, Martha Lees as
General Counsel of the Department of Financial Services,
Roberta Reardon as the Commissioner  of the State of New
York Department of Labor, Carolyn Robinson, Supervisor with
the New York State Department of Labor, Dr. Merryl H. Tisch,
Chairman of the State University of New York Board of
Trustees, the State University of New York, Scott Dietrich and
Peter Fountas of the Research Foundation of the State
University of New York, Howard A. Zucker, M.D., as the
Commissioner of the State of New York Department of Health,
                    State Officer Defendants,

Donna Hodge, Annette Hall, Karen Grant Williams Alexi Arias
as the Class Representatives of a Class of Employees of
Employer Defendants as the interests of the Class may appear,
                    Class Defendant,

Oriska Insurance Company as its interest may appear,

Carrier Defendant,

Rashbi Management, Inc., as its interest may appear,
                    Trust Defendant.
-----------------------------------------------------------------------------------

STATE OF NEW YORK
SUPREME COURT   COUNTY OF QUEENS
---------------------------------------------------------------------------
Oriska Corporation, individually and derivatively to
Carrier-Defendant Oriska Insurance Company,
                    Plaintiff,                              Notice of Removal
                                                           Index No. EFCA2019-718651
            v.                                             Oneida Index EFCA2020-001276

NEW SURFSIDE NURSING HOME, LLC-Caring Family
Nursing & Rehab
                    Employer-Defendant,

Benjamin Landa, Robert Bleier,
                    Owner-Defendants,

The Philipson Family Trust, The Schlesinger Family Trust,
Berkshire Group, Inc., Spencer Street Realty, Allstate ASO,
Inc., Allstate Administrators, Inc. Sam Schlesinger, Michael
Camilleri, Pitterman Family Trust, Wolf Eisenbach, National
Financial Service, Israel Zeigelman, Financial Service, Michael
Schweimmer, Grandview Brokerage, Inc. Isaac Muller. Broad
Coverage Services, Inc., SentosaCare, LLC, Martin
Schwartzman, Stella M. Vilardi, Raphael A. Weitzner,
Benjamin Landa, Ira Lipsius, Lipsius-Benhaim Law, LLP,
Whiteman Osterman & Hanna, LLP, Cullen and Dykman, LLP,
John Doe and other persons not yet identified,
                    Prohibited Transaction Defendants,

Andrew Cuomo as the Governor of the State of New York,
Linda A. Lacewell as Superintendent of Insurance of the State
of New York Department of Financial Services, Martha Lees as
General Counsel of the Department of Financial Services,
Roberta Reardon as the Commissioner  of the State of New
York Department of Labor, Carolyn Robinson, Supervisor with
the New York State Department of Labor, Dr. Merryl H. Tisch,
Chairman of the State University of New York Board of
Trustees, the State University of New York, Scott Dietrich and
Peter Fountas of the Research Foundation of the State
University of New York, Howard A. Zucker, M.D., as the
Commissioner of the State of New York Department of Health,

vii

State Officer Defendants,

Donna Hodge, Annette Hall, Karen Grant Williams Alexi Arias as the Class Representatives of a Class of Employees of Employer Defendants as the interests of the Class may appear,
                    Class Defendant,

Oriska Insurance Company as its interest may appear,
                    Carrier Defendant,

Rashbi Management, Inc., as its interest may appear,
                    Trust Defendant.
--------------------------------------------------------------------------
STATE OF NEW YORK
SUPREME COURT   COUNTY OF NASSAU
--------------------------------------------------------------------------
Oriska Corporation, individually and derivatively to
Carrier-Defendant Oriska Insurance Company,
                    Plaintiff,                          Notice of Removal
                                                        Index No. EFCA2019-615372
          v.                                            Oneida Index EFCA2020-001276

PINEGROVE MANOR II, LLC,- Grace Plaza

                    Employer-Defendant,

Benjamin Landa, Howard Fensterman, Robert Fensterman

                    Owner-Defendants,

The Philipson Family Trust, The Schlesinger Family Trust, Berkshire Group, Inc., Spencer Street Realty, Allstate ASO, Inc., Allstate Administrators, Inc. Sam Schlesinger, Michael Camilleri, Pitterman Family Trust, Wolf Eisenbach, National Financial Service, Israel Zeigelman, Financial Service, Michael Schweimmer, Grandview Brokerage, Inc. Isaac Muller. Broad Coverage Services, Inc., SentosaCare, LLC, Martin Schwartzman, Stella M. Vilardi, Raphael A. Weitzner, Benjamin Landa, Ira Lipsius, Lipsius-Benhaim Law, LLP, Whiteman Osterman & Hanna, LLP, Cullen and Dykman, LLP, John Doe and other persons not yet identified,
                    Prohibited Transaction Defendants,

Andrew Cuomo as the Governor of the State of New York, Linda A. Lacewell as Superintendent of Insurance of the State of New York Department of Financial Services, Martha Lees as General Counsel of the Department of Financial Services,

Roberta Reardon as the Commissioner of the State of New York Department of Labor, Carolyn Robinson, Supervisor with the New York State Department of Labor, Dr. Merryl H. Tisch, Chairman of the State University of New York Board of Trustees, the State University of New York, Scott Dietrich and Peter Fountas of the Research Foundation of the State University of New York, Howard A. Zucker, M.D., as the Commissioner of the State of New York Department of Health,
State Officer Defendants,

Donna Hodge, Annette Hall, Karen Grant Williams Alexi Arias as the Class Representatives of a Class of Employees of Employer Defendants as the interests of the Class may appear,
Class Defendant,

Oriska Insurance Company as its interest may appear,
Carrier Defendant,

Rashbi Management, Inc., as its interest may appear,
Trust Defendant.

---------------------------------------------------------------------------

STATE OF NEW YORK
SUPREME COURT   COUNTY OF QUEENS
---------------------------------------------------------------------------

Oriska Corporation, individually and derivatively to Carrier-Defendant Oriska Insurance Company,

Plaintiff,                                  Notice of Removal
                                            Index No. EFCA2019-718647
v.                                          Oneida Index EFCA2020-001276

LITTLE NECK CARE CENTER, LLC, AND
LITTLE NECK NURSING HOME LLC,

Employer-Defendant,

Bent Philipson, Esther Farkovitz,
Owner-Defendants,

The Philipson Family Trust, The Schlesinger Family Trust, Berkshire Group, Inc., Spencer Street Realty, Allstate ASO, Inc., Allstate Administrators, Inc. Sam Schlesinger, Michael Camilleri, Pitterman Family Trust, Wolf Eisenbach, National Financial Service, Israel Zeigelman, Financial Service, Michael Schweimmer, Grandview Brokerage, Inc. Isaac Muller. Broad Coverage Services, Inc., SentosaCare, LLC, Martin

Schwartzman, Stella M. Vilardi, Raphael A. Weitzner,
Benjamin Landa, Ira Lipsius, Lipsius-Benhaim Law, LLP,
Whiteman Osterman & Hanna, LLP, Cullen and Dykman, LLP,
John Doe and other persons not yet identified,
                        Prohibited Transaction Defendants,

Andrew Cuomo as the Governor of the State of New York,
Linda A. Lacewell as Superintendent of Insurance of the State
of New York Department of Financial Services, Martha Lees as
General Counsel of the Department of Financial Services,
Roberta Reardon as the Commissioner  of the State of New
York Department of Labor, Carolyn Robinson, Supervisor with
the New York State Department of Labor, Dr. Merryl H. Tisch,
Chairman of the State University of New York Board of
Trustees, the State University of New York, Scott Dietrich and
Peter Fountas of the Research Foundation of the State
University of New York, Howard A. Zucker, M.D., as the
Commissioner of the State of New York Department of Health,
                        State Officer Defendants,

Donna Hodge, Annette Hall, Karen Grant Williams Alexi Arias
as the Class Representatives of a Class of Employees of
Employer Defendants as the interests of the Class may appear,
                        Class Defendant,

Oriska Insurance Company as its interest may appear,
                        Carrier Defendant,

Rashbi Management, Inc., as its interest may appear,
                        Trust Defendant.
-------------------------------------------------------------------------

STATE OF NEW YORK
SUPREME COURT   COUNTY OF QUEENS
-------------------------------------------------------------------------
Oriska Corporation, individually and derivatively to
Carrier-Defendant Oriska Insurance Company,
                        Plaintiff,              Notice of Removal
                                                Index No. EFCA2019-71863
            v.                                  Oneida Index EFCA2020-001276

BROOKHAVEN REHABILITATION AND HEALTH
CARE CENTER, LLC,
                        Employer-Defendant

Benjamin Landa, Deborah Philipson, Mayer Fischl, Milton
Ostreicher, Teddy Lochtscher, Jack Janklowitz, Leonard

x

Janklowitz, Theodore Pollak, Gabriel Mordechey,
Aaron Unger, Rivky Goldberger, Toby Weinberger
David Freid, Pola, Becher, Yechiel Landa
              Owner-Defendants,

The Philipson Family Trust, The Schlesinger Family Trust,
Berkshire Group, Inc., Spencer Street Realty, Allstate ASO,
Inc., Allstate Administrators, Inc. Sam Schlesinger, Michael
Camilleri, Pitterman Family Trust, Wolf Eisenbach, National
Financial Service, Israel Zeigelman, Financial Service, Michael
Schweimmer, Grandview Brokerage, Inc. Isaac Muller. Broad
Coverage Services, Inc., SentosaCare, LLC, Martin
Schwartzman, Stella M. Vilardi, Raphael A. Weitzner,
Benjamin Landa, Ira Lipsius, Lipsius-Benhaim Law, LLP,
Whiteman Osterman & Hanna, LLP, Cullen and Dykman, LLP,
John Doe and other persons not yet identified,
              Prohibited Transaction Defendants,

Andrew Cuomo as the Governor of the State of New York,
Linda A. Lacewell as Superintendent of Insurance of the State
of New York Department of Financial Services, Martha Lees as
General Counsel of the Department of Financial Services,
Roberta Reardon as the Commissioner  of the State of New
York Department of Labor, Carolyn Robinson, Supervisor with
the New York State Department of Labor, Dr. Merryl H. Tisch,
Chairman of the State University of New York Board of
Trustees, the State University of New York, Scott Dietrich and
Peter Fountas of the Research Foundation of the State
University of New York, Howard A. Zucker, M.D., as the
Commissioner of the State of New York Department of Health,
              State Officer Defendants,

Donna Hodge, Annette Hall, Karen Grant Williams Alexi Arias
as the Class Representatives of a Class of Employees of
Employer Defendants as the interests of the Class may appear,
              Class Defendant,

Oriska Insurance Company as its interest may appear,
              Carrier Defendant,

Rashbi Management, Inc., as its interest may appear,
              Trust Defendant.
-------------------------------------------------------------------------

STATE OF NEW YORK
SUPREME COURT   COUNTY OF NASSAU
-------------------------------------------------------------------------

Oriska Corporation, individually and derivatively to
Carrier-Defendant Oriska Insurance Company,

Plaintiff,

v.

BAYVIEW MANOR LLC, - South Point Plaza
Employer-Defendant,

Bent  Philipson, Benjamin Landa, Mayer  Fischl, Girshas
Minster Alan Chopp, Simona  Golman, Frank Ianucci,
Ronald Stern

Owner-Defendants,

The Philipson Family Trust, The Schlesinger Family Trust,
Berkshire Group, Inc., Spencer Street Realty, Allstate ASO,
Inc., Allstate Administrators, Inc. Sam Schlesinger, Michael
Camilleri, Pitterman Family Trust, Wolf Eisenbach, National
Financial Service, Israel Zeigelman, Financial Service, Michael
Schweimmer, Grandview Brokerage, Inc. Isaac Muller. Broad
Coverage Services, Inc., SentosaCare, LLC, Martin
Schwartzman, Stella M. Vilardi, Raphael A. Weitzner,
Benjamin Landa, Ira Lipsius, Lipsius-Benhaim Law, LLP,
Whiteman Osterman & Hanna, LLP, Cullen and Dykman, LLP,
John Doe and other persons not yet identified,

Prohibited Transaction Defendants,

Andrew Cuomo as the Governor of the State of New York,
Linda A. Lacewell as Superintendent of Insurance of the State
of New York Department of Financial Services, Martha Lees as
General Counsel of the Department of Financial Services,
Roberta Reardon as the Commissioner  of the State of New
York Department of Labor, Carolyn Robinson, Supervisor with
the New York State Department of Labor, Dr. Merryl H. Tisch,
Chairman of the State University of New York Board of
Trustees, the State University of New York, Scott Dietrich and
Peter Fountas of the Research Foundation of the State
University of New York, Howard A. Zucker, M.D., as the
Commissioner of the State of New York Department of Health,

State Officer Defendants,

Donna Hodge, Annette Hall, Karen Grant Williams Alexi Arias
as the Class Representatives of a Class of Employees of
Employer Defendants as the interests of the Class may appear,

Class Defendant,

Oriska Insurance Company as its interest may appear,

Notice of Removal
Index No. EFCA2019-615286
Oneida Index EFCA2020-001276

Carrier Defendant,

Rashbi Management, Inc., as its interest may appear,
                    Trust Defendant.
--------------------------------------------------------------------------

STATE OF NEW YORK
SUPREME COURT   COUNTY OF RICHMOND
--------------------------------------------------------------------------
Oriska Corporation, individually and derivatively to
Carrier-Defendant Oriska Insurance Company,
                    Plaintiff,                              Notice of Removal
                                                            Index No. 33061-2019E
          v.                                                Oneida Index EFCA2020-001276

GOLDEN GATE REHABILITATION AND HEALTH
CARE CENTER LLC,
                    Employer-Defendant,

Benjamin Landa, Deborah  Philipson, Leonard  Janclowicz
Jack Janclowicz, Solomon  Eidlisz, Miriam  Karpf
Ruth Hirsch, Leopold  Hirsch, Mayer  Rispler
Martin Farbenblum, Benjamin Farbenblum, Anthony J Bacchi
Philip Buchsbaum, Alan Kessler, David Fried, Yechiel Landau
Robert  Wolf,
                    Owner-Defendants,

The Philipson Family Trust, The Schlesinger Family Trust,
Berkshire Group, Inc., Spencer Street Realty, Allstate ASO,
Inc., Allstate Administrators, Inc. Sam Schlesinger, Michael
Camilleri, Pitterman Family Trust, Wolf Eisenbach, National
Financial Service, Israel Zeigelman, Financial Service, Michael
Schweimmer, Grandview Brokerage, Inc. Isaac Muller. Broad
Coverage Services, Inc., SentosaCare, LLC, Martin
Schwartzman, Stella M. Vilardi, Raphael A. Weitzner,
Benjamin Landa, Ira Lipsius, Lipsius-Benham Law, LLP,
Whiteman Osterman & Hanna, LLP, Cullen and Dykman, LLP,
John Doe and other persons not yet identified,
                    Prohibited Transaction Defendants,

Andrew Cuomo as the Governor of the State of New York,
Linda A. Lacewell as Superintendent of Insurance of the State
of New York Department of Financial Services, Martha Lees as
General Counsel of the Department of Financial Services,
Roberta Reardon as the Commissioner  of the State of New
York Department of Labor, Carolyn Robinson, Supervisor with
the New York State Department of Labor, Dr. Merryl H. Tisch,

Chairman of the State University of New York Board of
Trustees, the State University of New York, Scott Dietrich and
Peter Fountas of the Research Foundation of the State
University of New York, Howard A. Zucker, M.D., as the
Commissioner of the State of New York Department of Health,
                    State Officer Defendants,

Donna Hodge, Annette Hall, Karen Grant Williams Alexi Arias
as the Class Representatives of a Class of Employees of
Employer Defendants as the interests of the Class may appear,
                    Class Defendant,

Oriska Insurance Company as its interest may appear,
                    Carrier Defendant,

Rashbi Management, Inc., as its interest may appear,
                    Trust Defendant.
---------------------------------------------------------------------------------

STATE OF NEW YORK
SUPREME COURT   COUNTY OF NASSAU
---------------------------------------------------------------------------
Oriska Corporation, individually and derivatively to
Carrier-Defendant Oriska Insurance Company,
                    Plaintiff,                          Notice of Removal
                                                       Index No. EFCA2019-615360
          v.                                           Oneida Index EFCA2020-001276

TOWNHOUSE OPERATING CO. LLC,- Townhouse Center for Nursing
                    Employer-Defendant

Bent Philipson, Mayer Fischel, Esther Farkovits, Ruth Hirsch
Chana Lerner, George Adler, Aaron Becher, George Klein
Robyn Weiss, Shelly Nakdimen, David Bloom
Larry Klein, Michael Schwartz
                    Owner-Defendants,

The Philipson Family Trust, The Schlesinger Family Trust,
Berkshire Group, Inc., Spencer Street Realty, Allstate ASO,
Inc., Allstate Administrators, Inc. Sam Schlesinger, Michael
Camilleri, Pitterman Family Trust, Wolf Eisenbach, National
Financial Service, Israel Zeigelman, Financial Service, Michael
Schweimmer, Grandview Brokerage, Inc. Isaac Muller. Broad
Coverage Services, Inc., SentosaCare, LLC, Martin
Schwartzman, Stella M. Vilardi, Raphael A. Weitzner,
Benjamin Landa, Ira Lipsius, Lipsius-Benhaim Law, LLP,
Whiteman Osterman & Hanna, LLP, Cullen and Dykman, LLP,

John Doe and other persons not yet identified,
Prohibited Transaction Defendants,

Andrew Cuomo as the Governor of the State of New York,
Linda A. Lacewell as Superintendent of Insurance of the State
of New York Department of Financial Services, Martha Lees as
General Counsel of the Department of Financial Services,
Roberta Reardon as the Commissioner  of the State of New
York Department of Labor, Carolyn Robinson, Supervisor with
the New York State Department of Labor, Dr. Merryl H. Tisch,
Chairman of the State University of New York Board of
Trustees, the State University of New York, Scott Dietrich and
Peter Fountas of the Research Foundation of the State
University of New York, Howard A. Zucker, M.D., as the
Commissioner of the State of New York Department of Health,
State Officer Defendants,

Donna Hodge, Annette Hall, Karen Grant Williams Alexi Arias
as the Class Representatives of a Class of Employees of
Employer Defendants as the interests of the Class may appear,
Class Defendant,

Oriska Insurance Company as its interest may appear,
Carrier Defendant,

Rashbi Management, Inc., as its interest may appear,
Trust Defendant.
--------------------------------------------------------------------------------

STATE OF NEW YORK
SUPREME COURT    COUNTY OF BRONX
-------------------------------------------------------------------------

Oriska Corporation, individually and derivatively to
Carrier-Defendant Oriska Insurance Company,
                        Plaintiff,                              Notice of Removal
                                                               Index No. 33060-2019E
              v.                                               Oneida Index EFCA2020-001276

EASTCHESTER REHABILITATION AND HEALTH CARE CENTER, LLC,
                        Employer-Defendant,

Benjamin Landa, Deborah Philipson, Anthony Bacchi, M.D.
Leopold Hirsch, Regina Weinstock, Martin Farbenblum
Sigmund Freundlich, Benjamin Farbenblum, Helen Webster
Jaohanan Hirsch, Ruth Hirsch, Arnold Klapper, David Fried
Mayer Fischl
                        Owner-Defendants,

The Philipson Family Trust, The Schlesinger Family Trust,
Berkshire Group, Inc., Spencer Street Realty, Allstate ASO,
Inc., Allstate Administrators, Inc. Sam Schlesinger, Michael
Camilleri, Pitterman Family Trust, Wolf Eisenbach, National
Financial Service, Israel Zeigelman, Financial Service, Michael
Schweimmer, Grandview Brokerage, Inc. Isaac Muller. Broad
Coverage Services, Inc., SentosaCare, LLC, Martin
Schwartzman, Stella M. Vilardi, Raphael A. Weitzner,
Benjamin Landa, Ira Lipsius, Lipsius-Benhaim Law, LLP,
Whiteman Osterman & Hanna, LLP, Cullen and Dykman, LLP,
John Doe and other persons not yet identified,
                              Prohibited Transaction Defendants,

Andrew Cuomo as the Governor of the State of New York,
Linda A. Lacewell as Superintendent of Insurance of the State
of New York Department of Financial Services, Martha Lees as
General Counsel of the Department of Financial Services,
Roberta Reardon as the Commissioner  of the State of New
York Department of Labor, Carolyn Robinson, Supervisor with
the New York State Department of Labor, Dr. Merryl H. Tisch,
Chairman of the State University of New York Board of
Trustees, the State University of New York, Scott Dietrich and
Peter Fountas of the Research Foundation of the State
University of New York, Howard A. Zucker, M.D., as the
Commissioner of the State of New York Department of Health,
                              State Officer Defendants,

Donna Hodge, Annette Hall, Karen Grant Williams Alexi Arias
as the Class Representatives of a Class of Employees of
Employer Defendants as the interests of the Class may appear,
                              Class Defendant,

Oriska Insurance Company as its interest may appear,
                              Carrier Defendant,

Rashbi Management, Inc., as its interest may appear,
                              Trust Defendant.
------------------------------------------------------------------------------

STATE OF NEW YORK
SUPREME COURT   COUNTY OF QUEENS
-------------------------------------------------------------------------
Oriska Corporation, individually and derivatively to
Carrier-Defendant Oriska Insurance Company,
                    Plaintiff,                    Notice of Removal
                                                  Index No. EFCA2019-718683

xvi

v.                                              Oneida Index EFCA2020-001276

WEST LAWRENCE CARE CENTER, LLC
                    Employer-Defendant,

Deborah Philipson, Bent Philipson
                         Owner-Defendants,


The Philipson Family Trust, The Schlesinger Family Trust,
Berkshire Group, Inc., Spencer Street Realty, Allstate ASO,
Inc., Allstate Administrators, Inc. Sam Schlesinger, Michael
Camilleri, Pitterman Family Trust, Wolf Eisenbach, National
Financial Service, Israel Zeigelman, Financial Service, Michael
Schweimmer, Grandview Brokerage, Inc. Isaac Muller. Broad
Coverage Services, Inc., SentosaCare, LLC, Martin
Schwartzman, Stella M. Vilardi, Raphael A. Weitzner,
Benjamin Landa, Ira Lipsius, Lipsius-Benhaim Law, LLP,
Whiteman Osterman & Hanna, LLP, Cullen and Dykman, LLP,
John Doe and other persons not yet identified,
                         Prohibited Transaction Defendants,

Andrew Cuomo as the Governor of the State of New York,
Linda A. Lacewell as Superintendent of Insurance of the State
of New York Department of Financial Services, Martha Lees as
General Counsel of the Department of Financial Services,
Roberta Reardon as the Commissioner  of the State of New
York Department of Labor, Carolyn Robinson, Supervisor with
the New York State Department of Labor, Dr. Merryl H. Tisch,
Chairman of the State University of New York Board of
Trustees, the State University of New York, Scott Dietrich and
Peter Fountas of the Research Foundation of the State
University of New York, Howard A. Zucker, M.D., as the
Commissioner of the State of New York Department of Health,
                         State Officer Defendants,

Donna Hodge, Annette Hall, Karen Grant Williams Alexi Arias
as the Class Representatives of a Class of Employees of
Employer Defendants as the interests of the Class may appear,
                         Class Defendant,

Oriska Insurance Company as its interest may appear,
                         Carrier Defendant,

Rashbi Management, Inc., as its interest may appear,
                         Trust Defendant.
--------------------------------------------------------------------------------

STATE OF NEW YORK
SUPREME COURT   COUNTY OF NASSAU
-----------------------------------------------------------------------------

Oriska Corporation, individually and derivatively to
Carrier-Defendant Oriska Insurance Company,
     Plaintiff,      Notice of Removal
              Index No. EFCA615390/2019
   v.          Oneida Index EFCA2020-001276

GARDEN CARE CENTER, INC.,
     Employer-Defendant,

Benjamin Landa, Niklos Gottlieb,
     Owner-Defendants,

The Philipson Family Trust, The Schlesinger Family Trust,
Berkshire Group, Inc., Spencer Street Realty, Allstate ASO,
Inc., Allstate Administrators, Inc. Sam Schlesinger, Michael
Camilleri, Pitterman Family Trust, Wolf Eisenbach, National
Financial Service, Israel Zeigelman, Financial Service, Michael
Schweimmer, Grandview Brokerage, Inc. Isaac Muller. Broad
Coverage Services, Inc., SentosaCare, LLC, Martin
Schwartzman, Stella M. Vilardi, Raphael A. Weitzner,
Benjamin Landa, Ira Lipsius, Lipsius-Benhaim Law, LLP,
Whiteman Osterman & Hanna, LLP, Cullen and Dykman, LLP,
John Doe and other persons not yet identified,
     Prohibited Transaction Defendants,

Andrew Cuomo as the Governor of the State of New York,
Linda A. Lacewell as Superintendent of Insurance of the State
of New York Department of Financial Services, Martha Lees as
General Counsel of the Department of Financial Services,
Roberta Reardon as the Commissioner  of the State of New
York Department of Labor, Carolyn Robinson, Supervisor with
the New York State Department of Labor, Dr. Merryl H. Tisch,
Chairman of the State University of New York Board of
Trustees, the State University of New York, Scott Dietrich and
Peter Fountas of the Research Foundation of the State
University of New York, Howard A. Zucker, M.D., as the
Commissioner of the State of New York Department of Health,
     State Officer Defendants,

Donna Hodge, Annette Hall, Karen Grant Williams Alexi Arias
as the Class Representatives of a Class of Employees of
Employer Defendants as the interests of the Class may appear,
     Class Defendant,

Oriska Insurance Company as its interest may appear,
                Carrier Defendant,

Rashbi Management, Inc., as its interest may appear,
                Trust Defendant.
------------------------------------------------------------------------------------

STATE OF NEW YORK
SUPREME COURT   COUNTY OF NASSAU
---------------------------------------------------------------------------

Oriska Corporation, individually and derivatively to
Carrier-Defendant Oriska Insurance Company,
                Plaintiff,

     v.

PARKVIEW CARE & REHABILITATION CENTER,
                Employer-Defendant,

Bent Philipson, David Jones, Judith Jones, Ben Landa
                Owner-Defendants

The Philipson Family Trust, The Schlesinger Family Trust,
Berkshire Group, Inc., Spencer Street Realty, Allstate ASO,
Inc., Allstate Administrators, Inc. Sam Schlesinger, Michael
Camilleri, Pitterman Family Trust, Wolf Eisenbach, National
Financial Service, Israel Zeigelman, Financial Service, Michael
Schweimmer, Grandview Brokerage, Inc. Isaac Muller. Broad
Coverage Services, Inc., SentosaCare, LLC, Martin
Schwartzman, Stella M. Vilardi, Raphael A. Weitzner,
Benjamin Landa, Ira Lipsius, Lipsius-Benhaim Law, LLP,
Whiteman Osterman & Hanna, LLP, Cullen and Dykman, LLP,
John Doe and other persons not yet identified,
                Prohibited Transaction Defendants,

Andrew Cuomo as the Governor of the State of New York,
Linda A. Lacewell as Superintendent of Insurance of the State
of New York Department of Financial Services, Martha Lees as
General Counsel of the Department of Financial Services,
Roberta Reardon as the Commissioner  of the State of New
York Department of Labor, Carolyn Robinson, Supervisor with
the New York State Department of Labor, Dr. Merryl H. Tisch,
Chairman of the State University of New York Board of
Trustees, the State University of New York, Scott Dietrich and
Peter Fountas of the Research Foundation of the State
University of New York, Howard A. Zucker, M.D., as the
Commissioner of the State of New York Department of Health,

Notice of Removal
Index No. EFCA2019-615476
Oneida Index EFCA2020-001276

State Officer Defendants,

Donna Hodge, Annette Hall, Karen Grant Williams Alexi Arias as the Class Representatives of a Class of Employees of Employer Defendants as the interests of the Class may appear,
                    Class Defendant,

Oriska Insurance Company as its interest may appear,
                    Carrier Defendant,

Rashbi Management, Inc., as its interest may appear,
                    Trust Defendant.
-------------------------------------------------------------------------
STATE OF NEW YORK
SUPREME COURT   COUNTY OF KINGS
-------------------------------------------------------------------------
Oriska Corporation, individually and derivatively to
Carrier-Defendant Oriska Insurance Company,
                    Plaintiff,                    Notice of Removal
                                                 Index No. EFCA2019-524028
          v.                                     Oneida Index EFCA2020-001276

WILLOUGHBY REHABILITATION AND HEALTH
CARE CENTER LLC, - Spring Creek
                    Employer-Defendant,

Benjamin Landa, Deborah Philipson, Jack Janklowicz
Leonard Janklowicz, Gavriel Mordechaev
                     Owner-Defendants,

The Philipson Family Trust, The Schlesinger Family Trust,
Berkshire Group, Inc., Spencer Street Realty, Allstate ASO,
Inc., Allstate Administrators, Inc. Sam Schlesinger, Michael
Camilleri, Pitterman Family Trust, Wolf Eisenbach, National
Financial Service, Israel Zeigelman, Financial Service, Michael
Schweimmer, Grandview Brokerage, Inc. Isaac Muller. Broad
Coverage Services, Inc., SentosaCare, LLC, Martin
Schwartzman, Stella M. Vilardi, Raphael A. Weitzner,
Benjamin Landa, Ira Lipsius, Lipsius-Benhaim Law, LLP,
Whiteman Osterman & Hanna, LLP, Cullen and Dykman, LLP,
John Doe and other persons not yet identified,
                    Prohibited Transaction Defendants,

Andrew Cuomo as the Governor of the State of New York,
Linda A. Lacewell as Superintendent of Insurance of the State
of New York Department of Financial Services, Martha Lees as
General Counsel of the Department of Financial Services,

xx

Roberta Reardon as the Commissioner  of the State of New York Department of Labor, Carolyn Robinson, Supervisor with the New York State Department of Labor, Dr. Merryl H. Tisch, Chairman of the State University of New York Board of Trustees, the State University of New York, Scott Dietrich and Peter Fountas of the Research Foundation of the State University of New York, Howard A. Zucker, M.D., as the Commissioner of the State of New York Department of Health,
State Officer Defendants,

Donna Hodge, Annette Hall, Karen Grant Williams Alexi Arias as the Class Representatives of a Class of Employees of Employer Defendants as the interests of the Class may appear,
Class Defendant,

Oriska Insurance Company as its interest may appear,
Carrier Defendant,

Rashbi Management, Inc., as its interest may appear,
Trust Defendant.
------------------------------------------------------------------------

STATE OF NEW YORK
SUPREME COURT   COUNTY OF NASSAU
------------------------------------------------------------------------------

Oriska Corporation, individually and derivatively to Carrier-Defendant Oriska Insurance Company,
                         Plaintiff,                        Notice of Removal
                                                           Index No. EFCA2019-615348
             v.                                            Oneida Index EFCA2020-001276

WOODMERE REHABILITATION AND HEALTH CARE CENTER INC.,
             Employer-Defendant,

Benjamin Landa, Niklos Gottlieb, Deborah Philipson, Renee Pollak Leonard Janklowicz, Jack Janklowicz, Malky Saffran, Mayer Fischl
             Owner-Defendants,

The Philipson Family Trust, The Schlesinger Family Trust, Berkshire Group, Inc., Spencer Street Realty, Allstate ASO, Inc., Allstate Administrators, Inc. Sam Schlesinger, Michael Camilleri, Pitterman Family Trust, Wolf Eisenbach, National Financial Service, Israel Zeigelman, Financial Service, Michael Schweimmer, Grandview Brokerage, Inc. Isaac Muller. Broad Coverage Services, Inc., SentosaCare, LLC, Martin Schwartzman, Stella M. Vilardi, Raphael A. Weitzner, Benjamin Landa, Ira Lipsius, Lipsius-Benhaim Law, LLP,

Whiteman Osterman & Hanna, LLP, Cullen and Dykman, LLP,
John Doe and other persons not yet identified,
               Prohibited Transaction Defendants,

Andrew Cuomo as the Governor of the State of New York,
Linda A. Lacewell as Superintendent of Insurance of the State
of New York Department of Financial Services, Martha Lees as
General Counsel of the Department of Financial Services,
Roberta Reardon as the Commissioner  of the State of New
York Department of Labor, Carolyn Robinson, Supervisor with
the New York State Department of Labor, Dr. Merryl H. Tisch,
Chairman of the State University of New York Board of
Trustees, the State University of New York, Scott Dietrich and
Peter Fountas of the Research Foundation of the State
University of New York, Howard A. Zucker, M.D., as the
Commissioner of the State of New York Department of Health,
               State Officer Defendants,

Donna Hodge, Annette Hall, Karen Grant Williams Alexi Arias
as the Class Representatives of a Class of Employees of
Employer Defendants as the interests of the Class may appear,
               Class Defendant,

Oriska Insurance Company as its interest may appear,
               Carrier Defendant,

Rashbi Management, Inc., as its interest may appear,
               Trust Defendant.
--------------------------------------------------------------------------------

# NOTICE OF REMOVAL
of
Nassau County Index No. EFCA 621892/2019
Oneida Index EFCA2020-001276

Suffolk Index No. EFCA2019- 621891
Oneida Index EFCA2020-001276

KingsIndex No. EFCA2019-524009
Oneida Index EFCA2020-001276

Nassau Index No. EFCA2019-615382
Oneida Index EFCA2020-001276

Nassau Index No. EFCA2019-61548
Oneida Index EFCA2020-001276

Queens Index No. EFCA2019-718651
Oneida Index EFCA2020-001276

Nassau Index No. EFCA2019-615372
Oneida Index EFCA2020-001276

Queesn Index No. EFCA2019-718647
Oneida Index EFCA2020-001276

Queens Index No. EFCA2019-71863
Oneida Index EFCA2020-001276

Nassau Index No. EFCA2019-615286
Oneida Index EFCA2020-001276

Richmond Index No. 33061-2019E
Oneida Index EFCA2020-001276

Nassau Index No. EFCA2019-615360
Oneida Index EFCA2020-001276

Bronx Index No. 33060-2019E
Oneida Index EFCA2020-001276

Queens Index No. EFCA2019-718683
Oneida Index EFCA2020-001276

Nassau Index No. EFCA615390/2019

1

<u>Oneida Index EFCA2020-001276</u>

<u>Nassau Index No. EFCA2019-615476</u>
<u>Oneida Index EFCA2020-001276</u>

<u>Kings Index No. EFCA2019-524028</u>
<u>Oneida Index EFCA2020-001276</u>

<u>Nassau Index No. EFCA2019-615348</u>
<u>Oneida Index EFCA2020-001276</u>

Class Defendant, by Donna Hodge, Annette Hall, Karen Grant Williams, and Alexi Arias, as the Class Representatives of a Class Defendant of employees of Employer Defendants intervening as the interests of the Class may appear ("employee Class Defendant" or "Class"), by and through its undersigned attorney, James M. Kernan, file this Notice of Removal to the United States District Court for the Eastern District of New York, and respectfully states as follows:

## INTRODUCTION

1.     Oriska Corporation ("Plaintiff"), derivative to Carrier Defendant Oriska Insurance Company under BCL 626, by subrogation to the rights of the employees of the Employer Defendants commenced the below referenced civil actions against the Employer Defendants ("Employer Defendants"), the employers of the employees redacted in the following Actions:

Nassau County Index No. EFCA 621892/2019
Oneida Index EFCA2020-001276

Suffolk Index No. EFCA2019- 621891
Oneida Index EFCA2020-001276

Kings Index No. EFCA2019-524009
Oneida Index EFCA2020-001276

Nassau Index No. EFCA2019-615382
Oneida Index EFCA2020-001276

2

Nassau Index No. EFCA2019-61548
Oneida Index EFCA2020-001276

Queens Index No. EFCA2019-718651
Oneida Index EFCA2020-001276

Nassau Index No. EFCA2019-615372
Oneida Index EFCA2020-001276

Queens Index No. EFCA2019-718647
Oneida Index EFCA2020-001276

Queens Index No. EFCA2019-71863
Oneida Index EFCA2020-001276

Nassau Index No. EFCA2019-615286
Oneida Index EFCA2020-001276

Richmond Index No. 33061-2019E
Oneida Index EFCA2020-001276

Nassau Index No. EFCA2019-615360
Oneida Index EFCA2020-001276

Bronx Index No. 33060-2019E
Oneida Index EFCA2020-001276

Queens Index No. EFCA2019-718683
Oneida Index EFCA2020-001276

Nassau Index No. EFCA615390/2019
Oneida Index EFCA2020-001276

Nassau Index No. EFCA2019-615476
Oneida Index EFCA2020-001276

Kings Index No. EFCA2019-524028
Oneida Index EFCA2020-001276

Nassau Index No. EFCA2019-615348
Oneida Index EFCA2020-001276 []

2.      Plaintiff has amended its complaints as of right under CPLR 3025 replacing

the employees of the Employer Defendants with the employee Class Defendant by

Amended Complaints attached to this Notice of Removal and filed with this docket entry

as Attachments #1 through #18. Only the employee Class Defendant has been served in the above listed Actions, which constitutes all the process, pleadings and orders served by the Plaintiff in these listed Actions.

3.     The Second Circuit Court of Appeals case <u>Diduck v. Kaszycki & Sons Contractors, Inc.</u>, 974 F.2d 270, controls to identify the trust (Trust Defendant Rashbi) and the plan participants (employee Class Defendant) t as the real parties in interest to the ERISA Plan funding:

> "ERISA requires that employers make contracted-for contributions to a plan. See 29 U.S.C. § 1145. This obligation is reinforced under § 502(g)(2), 29 U.S.C. § 1132(g)(2). A suit for unpaid contributions under § 502(g)(2) is brought "for or on behalf of a plan" and may only be maintained by an individual beneficiary derivatively. See Alfarone v. Bernie Wolff Constr.Corp., 788 F.2d 76, 80 (2d Cir.), cert. denied, 479 U.S. 915, 107 S.Ct. 316, 93 L.Ed.2d 289 (1986); Struble v. New Jersey Brewery Employees' Welfare Trust Fund, 732 F.2d 325, 338 (3d Cir.1984). Employer contributions inure to the benefit of the trust generally rather than an individual beneficiary and, as such, are an obligation the enforcement of which "is the function, at least in the first instance, of the Trustees." Struble, 732 F.2d at 337. Rule 23.1 is therefore applicable to derivative actions under § 502(g)(2). See McGinnis v. Transcon Lines, Inc., 1991 WL 60586 (N.D.Ill.) at *3." [Page 20 of <u>Diduck v. Kaszycki</u> supra]

4.     The employee Class Defendant files this removal notice within the thirty-day (30) period required in 28 U.S.C. § 1446(b).

5.     The Class Defendant removes this case pursuant to 28 U.S.C. §1441 as an action over which this Court has federal question jurisdiction under 28 U.S.C §1331.  This case raises questions that are exclusively federal and thus is removable on the following ground: Plaintiff raises causes of action that are "completely preempted" by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*.

6.     Removal is proper under 28 U.S.C. §1441(a) and (b) because this Court has original jurisdiction of this Action pursuant to 28 U.S.C. §1331, as this action involves

claims that relate to the laws of the United States – specifically, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq., and the other recovery referenced at paragraph 21 hereof.

7.     ERISA applies to any "employee benefit plan" if the plan is established or maintained by an employer or employee organization engaged in commerce or in any industry or activity affecting commerce. 29 U.S.C. § 1003. An "employee benefit plan" is defined as a "welfare benefit plan" or a "pension benefit plan." 29 U.S.C. § 1002(3). A plan is a welfare benefit plan if it "was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise . . . benefits in the event of sickness, accident, disability, death or unemployment." 29 U.S.C. § 1002(1) (references to other types of employer-provided benefits qualifying as ERISA plans omitted)

8.     In the Amended Complaints, Plaintiff asserts claims for relief related to a Plan based on a Program established, sponsored and maintained by the Employer Defendants for the purpose of providing benefits for their participants and/or their beneficiaries, by self-insurance or through the purchase of insurance covering health, disability, including training, safety, loss control, risk-management and workers' compensation. The Plan is established under a Program approved December 8, 1994 by the New York State Department of Insurance (now the Department of Financial Services) of a November 15, 1994 File 93100407 covering the Program. The Program and thereby the Plan is governed by 29 U.S.C. § 1003 of the Employment Retirement Income Security Act ("ERISA"), as an "employee benefit plan", and is preempted and governed under Federal jurisdiction by ERISA per a determination of the DFS of October 5, 2015.

9.     Plaintiff expressly alleges that "[t]he Plan is an employee welfare benefit plan within the meaning of the Employment Retirement Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq., established to provide disability benefits to employees of Employer Defendants, the Defendant Class. These factors establish that the Plan is an employee welfare benefit plan as defined by ERISA.  Custer v. Pan American Life Ins. Co, 12 F.3d 410, 417 (4th Cir 1993) ("[t]he existence of a plan may be determined from the surrounding circumstances to the extent that a reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits" (citation omitted). Accordingly, the Amended Complaint establishes on its face that this matter is removable to this Court.

10.     The Plan is an ERISA-regulated employee benefit plan because "The Plan constitutes a welfare plan under Section 3(1) of the Employee Retirement Income Security Act of 1974, as amended…").

11.     Moreover, recovery is sought under 42 U.S.C. 1981 and 1985 for acts of the Employer Defendants, the Owner Operator Defendants and the Prohibited Transaction Defendants, in concert with New York State Officer Defendants under color of law in violation of 42 U.S.C. 1983. The 42 U.S.C. 1983 causes of action involve denial of equal protection and due process of law under the 1st, 5th and 14th Amendments to the United States Constitution for denial of equal protection and due process of laws, and for denial of right of assembly, as well as violation of 42 U.S.C. 2000e-2 for refusal of the Employer Defendants to adopt and implement the Program as an Alternative Employment Practice.

12.     These actions are grounded on the record in US SDNY Case 73-cv-04279, the case file archived as potentially of national significance in St. Louis, Missouri, the case file returned from St. Louis to the National Archives in New York City, returned upon the

6

request on behalf of Plaintiffs, and certified by the National Archives to the United States District Court for the Southern District of New York, which record was then filed by ECF as the Docket on Appeal to the United States Second Circuit Court of Appeals 17-2273. In related Case Eastern District Of New York Case 20-cv-06131, the Complaint therein has attached at Docket #1-Attachment #1 at pages 1 to 105, hyperlink Percy Action 2020-12-16 Exhibit A (uscourts.gov) a lead action being prepared to be filed in the US Federal Court for the Eastern District of New York against defendant State of New York for failure of settlement involving New York State Executive Order 45 (9 NYCRR 3.45) ("EO 45"). That action is grounded upon the final and enforceable Memorandum/Order ("Memorandum/Order") of Judge Lasker reported at 384 F Supp 800 of November 8, 1974, settled by agreement accepting Defendant New York State's offer of EO 45. The problem is that EO 45 failed and the Percy Class was never notified [hyperlink Percy Action 2020-12-16 Exhibit A (uscourts.gov) at - XII DEFENDANT GOVERNOR OF THE STATE OF NEW YORK AND DEFENDANT STATE OFFERED A SETTLEMENT OF PERCY V. BRENNAN IN CASE 73-CV-04279 THAT IS UNENFORCEABLE AND FAILED paragraphs 218 – 224.

13.    Liability is for violation of 42 U.S.C. §§2000e-2, rights secured to the Percy Class as the Complaining Party, liability of the Employer under the 5th and 14th Amendments to the United States Constitution, 42 U.S.C. §§§§ 2000e-2, 1981, 1983, 1985.

14.    The Alternative Employment Practice under the Civil Rights Act of 1964, and specifically 42 USCA §2000e-2 and §2000d as amended in 1991 (the "Civil Rights Act"), is delivered with workers' compensation coverage. All employment is required to be covered by workers' compensation. Along with the payment of benefits to cover injury and death while on-the-job as required in under New York Workers' Compensation Law

§10, workers' compensation coverage also includes safety training and loss control management.

15.     The Alternative Employment Practice set forth at hyperlink Percy Action 2020-12-16 Exhibit A (uscourts.gov) at- XI. ALTERNATIVE EMPLOYMENT PRACTICE" paragraphs 153 – 218, XVI. THE PERCY PROGRAM, paragraphs 241 – 274, XVII. COMPONENTS OF PERCY PROGRAM paragraphs 275 – 276, XVIII. REGULATORY APPROVALS OF PERCY PROGRAM paragraph 277 – 280. The Alternative Employment Practice is delivered as a function of safety and loss control management through paid on-the-job apprentice training and continuing education involving apprentice training under the Fitzgerald Act (29 U.S.C. §50 commonly known as the National Apprenticeship Act of 1937, section 1 (29 U.S.C. 50) under U.S. Department of Labor's Bureau of Apprenticeship and Training (BAT) and C.F.R. T. 29, Subt. A, Pt. 29 and Pt. 30, made a part of workers' compensation coverage required of all employment.

## NATURE OF THIS CASE

16.     In 2019 the employer Defendants disclosed in a complaint in related Nassau County Action Index 09877/2019, that the employer Defendants named in a complaint were responsible for the diversion of funds intended for employee Class benefits under a plan ("Plan") under a program (the "Program") approved for the Carrier Defendant Oriska Insurance Company as the Carrier's 1994 Program for health, disability, apprenticeship and safety training, loss control, risk management and workers' compensation benefits, which are the obligations of their Plan under 29 U.S.C. §1003 of the Employment Retirement Income Security Act ("ERISA") as an "employee benefit plan". The Plan was sponsored by the employer Defendants, a Plan that includes training, apprenticeship and continuing education benefits, among other benefits, addressing

infectious disease preparedness and response incorporated into a welfare plan. Instead, the funds accrued and reported by the Employer Defendants in Cost Reports to the New York Department of Health ("DOH") to cover employee benefits, were diverted, laundered and embezzled.

17.     The Class are participants in the Program sponsored by the Employer Defendants to benefit the Class members. The Program was established and maintained by the employer Defendants for the purpose of providing benefits for its participants or their beneficiaries, through the purchase of insurance covering health, disability and workers' compensation. The Program is established or maintained by Employer Defendants engaged in commerce or in any industry or activity affecting commerce. Under 29 U.S.C. § 1003, as an "employee benefit plan" defined as a "welfare benefit plan" under 29 U.S.C. § 1002(3). The Program was "established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise.

18.     Their Plan meets the five prerequisites for ERISA welfare benefit plan: (1) plan, fund or program, (2) established or maintained, (3) by employers, (4) for purpose of providing for health, statutory disability, workers' compensation, apprenticeship, training, continuing education, safety to participants or their beneficiaries of the Employers. The assets of their Plan which are governed by the Employee Retirement Income Security Act of 1974 (ERISA) may be used only for two purposes: (1) to pay benefits to participants and beneficiaries, (2) to pay the reasonable expenses of administering their Plan.

19.     The Class named as a defendant herein is the real party in interest with standing to sue under ERISA Section 502(a)(2) for relief under ERISA Section 409, 29

U.S.C. § 1109 and Section 409(a). These facts have now exposed the scheme of the employer Defendants, the majority of which are nursing home and healthcare facilities and businesses named herein.

20.    The removed Nassau County action Index 09877/2019 exposes manipulated Medicaid and Medicare paid to employer Defendant nursing home and healthcare facilities, a fixed payment per bed rate based on costs of operation. Under the scheme the employer Defendants hired new employees with very limited skills and little or nonexistent experience. The employer Defendants provided little, if any, training or continuing education to raise the level of competency of the workforce, and failed to provide other benefits under their ERISA Plan. Instead, the employer Defendants and their owners hid, laundered and reaped the tens of millions of dollars in reported costs not spent on benefits for training, education, apprenticeship and health and disability employee benefits, getting away with their laundered funds embezzled to illicit prohibited transactions, the very funds intended to pay benefits to the employee Class.

21.    Lack of skills and know-how for sterilization, personal protective equipment, cleanliness, safety and emergency protocol and procedures for ventilator and other equipment operation, knowledge of Occupational Safety and Health Act ("OSHA") guidelines for handling bloodborne pathogens and Centers for Disease Control and Prevention ("CDC") Guidelines for disinfection and sterilization in healthcare facilities to address recognized health hazards likely to cause death or serious physical harm. Yet, these are basic reasonable and expectations from stewards of ERISA Plan assets.

22.    The scheme as set forth in the related Action Nassau County Index 09877/2019 identifies means and methods of the businesses scheduled in the Complaint and the Second Amended Complaint in Rockland County Action 034480/2013,

Attachment s #3 and #4 respectively, which are ERISA violations identified when viewed with the Complaint in the Nassau County Action, involving misrepresentations, deceit, conversion, diversion, money laundering, theft and defalcations by the employer Defendants.

## FACTS IN THIS ACTION

23.     This litigation involves violations of ERISA affecting employees rights for benefits from funds required to be paid into trust of a Plan governed by ERISA.

24.     Plaintiff seeks payment in trust on behalf of the Defendant Class. The Amended Complaint alleges a claim against Employer Defendants for monetary damages in connection with the Plan established to be funded by the Employer Defendants to provide employee benefits to the Class by self-insuring the payment of benefits or arranging for the payment by the purchase of insurance policies. Trusts were established under NY Regulation 114, 11 NYCRR §126 ("114 Trust") to hold the monies supposed to be paid by the Employer Defendants to secure and fund benefits to the Class. However, in the course of the management of the Plan, various parties deviated drastically from the purposes of the Plan by utilizing Plan assets for prohibited personal transactions, a pattern of conduct over decades of the Plan, refusing to fund benefits to the Class.

25.     The Employer Defendants have fiduciary control over the Plan assets to provide benefits to their employees, the Class. Members of the Class are entitled to receive such benefits under the terms of the ERISA-regulated employee benefit plan.

26.     As recited in the Amended Complaints, a scheme has been perpetrated by the Employer Defendants, Owner Operator Defendants and parties in interest Prohibited Transaction Defendants involving the illegal diversion of Plan assets such that the Plan is unable to provide benefits.

27.     Plaintiff brought the action recover the Plan assets into the 114 Trust for the payment of benefits to the Class, by disgorgement of Plan Assets to trust by permanent injunctions, imposition of a constructive trust, restitution, and disgorgement pursuant to §502 of the Employee Retirement Income Security Act of1974 ("ERISA"), 29 U.S.C. § 1132, and the Declaratory Judgment Act, 28 U.S.C. §2201.

28.     According to the Amended Complaint in Intervention in Nassau County action 609877/2019, Plan assets have been secreted, converted and removed from the Plan causing the trust set up for the Plan to not have the means to provide benefits to the Class under the Plan.

29.     Injury and death in nursing home and healthcare facilities was preventable but for now exposed greed in a scheme of the Employer Defendants, Owner Operator Defendants, and Prohibited Transaction Defendants involved with nursing home and healthcare facilities and businesses named herein. The scheme manipulates Medicaid and Medicare paid to nursing home and healthcare facilities, a fixed payment per bed rate based on costs of operation. Under the scheme the Owner Operator Defendants gutted labor costs upon acquiring Employer Defendant facilities by terminating experienced and qualified employees, replacing them with new employees with very limited skills and little or nonexistent experience, unskilled employees paid poverty wages and minimal employee benefits. The Employer Defendants provided little, if any, training or continuing education to raise the level of competency of the Employer Defendants' workforce. That probably would not have been an issue, the Employer Defendants, Owner Defendants and Prohibited Transaction Defendants would probably have been able hide, launder and reap the tens of millions of dollars in reported but gutted labor cost, costs not spent on training, education, apprenticeship and employee benefits, getting away with

these laundered funds embezzled to illicit prohibited transactions, the very funds intended to pay employee benefits.

30.     Then the unexpected happened, the Covid 19 pandemic struck. The untrained and unqualified employees could not handle the crush. The resulting death and injury to health care workers, the lack of know-how to protect their patients, caused unnecessary exposure to themselves, the patients, their families and public. Many of the Employer Defendants' facilities experienced the highest level of disease and death anywhere in the State which was the worst it in the nation. This is all traceable to the unqualified labor staff caused by the greed of the Employer Defendants, Owner Operator Defendants and the Prohibited Transaction Defendants.

31.     The illness and death in the facilities of the Employer Defendants, the worst hit by the pandemic, was made worse by the lack of skills and know-how for sterilization, personal protective equipment, cleanliness, safety and emergency protocol and procedures for ventilator and other equipment operation, knowledge of Occupational Safety and Health Act ("OSHA") guidelines for handling bloodborne pathogens and Centers for Disease Control and Prevention ("CDC") Guidelines for disinfection and sterilization in healthcare facilities to address recognized health hazards likely to cause death or serious physical harm. Yet, these are basic reasonable and expectations from stewards of our loved ones.

32.     Regrettably, the disaster could have been prevented or at least managed if the Employer Defendants had not failed to implement their plan ("Plan") under a program (the "Program") approved for the Carrier Defendant Oriska Insurance Company as the Carrier's 1994 Program of 24 hour protection for employees established under 29 U.S.C. §1003 of the Employment Retirement Income Security Act ("ERISA") as an

"employee benefit plan" sponsored by the Employer Defendants, a plan that includes infectious disease preparedness and response incorporated into a welfare plan to protect and take action at time of extreme emergency. Instead, the funds accrued and reported by the Employer Defendants in Cost Reports to the New York Department of Health ("DOH") to cover employee benefits as identified in the Amended Complaint, were diverted, laundered and embezzled.

33.     Accordingly, this action is removable to this Court pursuant to 28 U.S.C. §§1331 and 1441(a) and (b).

## GROUNDS FOR REMOVAL
**Federal Question Jurisdiction**

34.     This case is removable pursuant to 28 U.S.C. §1441 based on federal question jurisdiction existing under 28 U.S.C. § 1331. The Court has federal question jurisdiction -- and thus removal jurisdiction -- on the ground that the action is completely preempted by ERISA.

35.     ERISA creates a federal cause of action for claims by a participant or a beneficiary to recover, *inter alia,* benefits due under the terms of an ERISA plan, and to enforce rights under the terms of the plan. See 29 U.S.C. §l 132(a)(l)(B).

36.     ERISA provides the exclusive remedies for actions under an ERISA-regulated plan and such actions are removable to federal court when the state law claims asserted in an action are completely preemted. See Metropolitan Life Ins. Company v. Taylor, 481 U.S. 58 (1987); see also Pilot Life Insurance Company v. Dedeaux, 481 U.S. 41 (1987).

37.     The Defendant Class submit this Notice without waiving any defenses.

38.    The State Court from which this action was removed and in which this action was commenced is within this Court's district.

39.    This Notice of Removal will be filed promptly with the State Court, as required by 28 U.S.C. § 1446(d).

40.    By copy of this document and in accordance with the Certificate of Service, the Defendant Class is providing notice to all Parties who have been served in this this action of the filing and by electronic court filing of this Notice of Removal pursuant to 28 U.S.C. § 1446(d).

41.    By reason of the foregoing, this Action is within the Court's removal jurisdiction, 28 U.S.C. § 1441, because one or more of Plaintiffs' claims are completely preempted by ERISA.

42.    Pursuant to 28 U.S.C. § 1446(d), Defendant Class will promptly provide written notice of this removal to the Supreme Court of the State of New York, County of Rockland by electronic court filing.

43.    The Class of employees recites here that the basis for removal is the same basis for removal set forth in the Notice of Removal in the E.D.N.Y. hyperlink to the Amended Complaint in Intervention in E.D.N.Y. Case 2:20-cv-06291 Document_2.

44.    The Class Representatives named as the employee Class Defendants in the Amended Complaints Attachments [] to [] to this Notice to Remove, are the real parties in interest in the funds being disgorged to be placed in trust with Trust Defendant Rashbi Management, Inc. ("Rashbi"), Diduck v. Kaszycki, supra. The Amended Complaints seek recovery of the diverted funds to the trust established by Rashbi for the Plan based on a Program sponsored and maintained by the Employer Defendants as identified by hyperlink to EDNY Case 20-cv-0691 Document_2, for the purpose of providing benefits

15

for their participants and/or their beneficiaries, the employee Class, by self-insurance or through the purchase of insurance covering health, disability, including training, safety, loss control, risk-management and workers' compensation. The Plan is established under a Program approved December 8, 1994 by the New York State Department of Insurance (now the Department of Financial Services) of a November 15, 1994 File 93100407 covering the Program. The Program and thereby the Plan is governed by 29 U.S.C. § 1003 of the Employment Retirement Income Security Act ("ERISA"), as an "employee benefit plan", and is preempted and governed under Federal jurisdiction by ERISA per a determination of the New York State Department of Financial Services ("DFS") of October 5, 2015.

45.    Plaintiff Rashbi expressly alleges that "[t]he Plan is an employee welfare benefit plan within the meaning of the Employment Retirement Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq., established to provide disability benefits to employees of Employer Defendants, the Defendant Class." These factors establish that the Plan is an employee welfare benefit plan as defined by ERISA. Custer v. Pan American Life Ins. Co, 12 F.3d 410, 417 (4th Cir 1993) ("[t]he existence of a plan may be determined from the surrounding circumstances to the extent that a reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits" (citation omitted). Accordingly, the Amended Complaints establishes on its face that this matter is removable to this Court.

46.    ERISA applies to any "employee benefit plan" if the plan is established or maintained by an employer or employee organization engaged in commerce or in any industry or activity affecting commerce. 29 U.S.C. § 1003. An "employee benefit plan" is defined as a "welfare benefit plan" or a "pension benefit plan." 29 U.S.C. § 1002(3). A plan

is a welfare benefit plan if it "was <u>established or is maintained</u> for the purpose of providing for its participants or their beneficiaries, <u>through the purchase of insurance</u> or otherwise . . . benefits in the event of sickness, accident, disability, death or unemployment." 29 U.S.C. § 1002(1) (references to other types of employer-provided benefits qualifying as ERISA plans omitted).

47.    The Class has determined that the Plan is a ERISA-regulated employee benefit plan because "The Plan is intended to constitute a welfare plan under Section 3(1) of the Employee Retirement Income Security Act of 1974, as amended...").

48.    Plaintiff Rashbi seeks payment in trust on behalf of the Defendant Class. The Third Party Complaint alleges a claim against Employer Defendants for monetary damages in connection with the Plan established to be funded by the Employer Defendants to provide employee benefits to the Class by self-insuring the payment of benefits or arranging for the payment by the purchase of insurance policies. Trusts were established under NY Regulation 114, 11 NYCRR §126 ("114 Trust") to hold the monies supposed to be paid by the Employer Defendants to secure and fund benefits to the Class. However, in the course of the management of the Plan, various parties deviated drastically from the purposes of the Plan by utilizing Plan assets for prohibited personal transactions, a pattern of conduct over decades of the Plan, refusing to fund benefits to the Class.

49.    The Employer Defendants have fiduciary control over the Plan assets to provide benefits to their employees, the employee Class. members are entitled to receive such benefits under the ERISA-regulated employee benefit plan.

50.    As recited in the Attachment Amended Complaints, a scheme has been perpetrated by the Employer Defendants, Owner Operator Defendants and parties in

interest Prohibited Transaction Defendants involving the illegal diversion of Plan assets such that the Plan is unable to provide benefits.

51. Plaintiff Rashbi has brought its action to recover the Plan assets into the 114 Trust for the payment of benefits to the employee Class, by disgorgement of Plan Assets to trust by permanent injunctions, imposition of a constructive trust, restitution, and disgorgement pursuant to §502 of the Employee Retirement Income Security Act of1974 ("ERISA"), 29 U.S.C. § 1132, and the Declaratory Judgment Act, 28 U.S.C. §2201.

52. According to the Amended Complaint in Intervention in Nassau County action 609877/2019, Plan assets have been secreted, converted and removed from the Plan causing the trust set up for the Plan to not have the means to provide benefits to the Class under the Plan, Amended Complaint in Intervention attached hereto by hyperlink to EDNY Case 20-cv-0691 Document 2.

53. Injury and death in nursing home and healthcare facilities was preventable but for now exposed greed in a scheme of the Employer Defendants, Owner Operator Defendants, and Prohibited Transaction Defendants among others, involved with nursing home and healthcare facilities and businesses named in the Amended Complaints. The scheme manipulates Medicaid and Medicare paid to nursing home and healthcare facilities, a fixed payment per bed rate based on costs of operation. Under the scheme the Owner Operator Defendants gutted labor costs upon acquiring Employer Defendant facilities by terminating experienced and qualified employees, replacing them with new employees with very limited skills and little or nonexistent experience, unskilled employees paid poverty wages and minimal employee benefits. The Employer Defendants provided little, if any, training or continuing education to raise the level of competency of the Employer Defendants' workforce. That probably would not have been an issue, the

Employer Defendants, Owner Defendants and Prohibited Transaction Defendants would probably have been able hide, launder and reap the tens of millions of dollars in reported but gutted labor cost, costs not spent on training, education, apprenticeship and employee benefits, getting away with these laundered funds embezzled to illicit prohibited transactions, the very funds intended to pay employee benefits.

54.    Then the unexpected happened, the Covid 19 pandemic struck. The untrained and unqualified employees could not handle the crush. The resulting death and injury to health care workers, the lack of know-how to protect their patients, caused unnecessary exposure to themselves, the patients, their families and public. Many of the Employer Defendants' facilities experienced the highest level of disease and death anywhere in the State which was the worst it in the nation. This is all traceable to the unqualified labor staff caused by the greed of the Employer Defendants, Owner Operator Defendants and the Prohibited Transaction Defendants.

55.    The illness and death in the facilities of the Employer Defendants, the worst hit by the pandemic, was made worse by the lack of skills and know-how for sterilization, personal protective equipment, cleanliness, safety and emergency protocol and procedures for ventilator and other equipment operation, knowledge of Occupational Safety and Health Act ("OSHA") guidelines for handling bloodborne pathogens and Centers for Disease Control and Prevention ("CDC") Guidelines for disinfection and sterilization in healthcare facilities to address recognized health hazards likely to cause death or serious physical harm. Yet, these are basic reasonable and expectations from stewards of our loved ones.

56.    Regrettably, the disaster could have been prevented or at least managed if the Employer Defendants had not failed to implement their plan ("Plan") under a

program (the "Program") approved for the Carrier Defendant Oriska Insurance Company as the Carrier's 1994 Program of 24 hour protection for employees established under 29 U.S.C. §1003 of the Employment Retirement Income Security Act ("ERISA") as an "employee benefit plan" sponsored by the Employer Defendants, a plan that includes infectious disease preparedness and response incorporated into a welfare plan to protect and take action at time of extreme emergency. Instead, the funds accrued and reported by the Employer Defendants in Cost Reports to the New York Department of Health ("DOH") to cover employee benefits as identified in the Amended Complaint in Intervention, were diverted, laundered and embezzled.

57.     Accordingly, this action is removable to this Court pursuant to 28 U.S.C. §§1331 and 1441(a) and (b).

Dated: New York, New York
January 26, 2021

s/ James M. Kernan
James M. Kernan, Esq.
Kernan Professional Group, LLP
Attorneys for the Class Defendant
26 Broadway, 19th Floor
P.O. Box 750
New York, New York 10004
Telephone: (212)986-3196
Fax: (212) 656-1213
